IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHARLES MCBRIDE,

    Plaintiff,

v.                                         CASE NO. 1:20-cv-256-AW-GRJ

STATE OF FLORIDA, et al.,

    Defendants.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Pending before the Court are Plaintiff's Second Amended Complaint, ECF No. 20, and Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 17. Plaintiff's motion for leave to proceed as a pauper is due to be **GRANTED**. N.D. Fla. Loc. R. 5.3. For the reasons explained below, however, the Court will not assess a filing fee because it is respectfully **RECOMMENDED** that the Second Amended Complaint should be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e).

## I. BACKGROUND

Plaintiff is a pretrial detainee at the Alachua County Jail pending resolution of his prosecution in the Eighth Judicial Circuit Court of Florida for Grand Theft of a Motor Vehicle, in violation of Fla. Stat. § 812.014(2)(c).

Plaintiff initiated this case on November 2, 2020, when he submitted a handwritten letter that the Court construed liberally as a civil rights Complaint against the State of Florida. ECF No. 1. In short, Plaintiff's "initial Complaint" included a seven-page, scattershot narrative alleging misconduct by the Federal Bureau of Investigations ("FBI") and Florida Department of Law Enforcement ("FDLE") related to his arrest and prosecution on the aforementioned charge. *Id.* at 6.

On December 4, 2020, the undersigned screened the initial Complaint and advised Plaintiff he must remedy several deficiencies or face dismissal of this action. ECF No. 7. First, the Court directed Plaintiff to use the Court's approved form for a civil rights complaint by prisoners. *Id.* at 3 (citing N.D. Fla. Loc. R. 5.7(A)). Second, the Court warned Plaintiff that his Complaint constituted a "shotgun pleading" in violation of the Federal Rules of Civil Procedure because it failed to give Defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Id.* (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). Third, the Court explained to Plaintiff the Federal Rule of Civil Procedure 8(a)(2) pleading standard (as described in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) and the substantive law of pleading constitutional claims. *Id.* at 4–7. Fourth, and finally, the

Court advised Plaintiff that should he state a cognizable claim related to his pending criminal charges, the Court must abstain from granting injunctive or declaratory relief that affects the state criminal prosecution except in limited circumstances. *Id.* a 7 (citing Younger v. Harris, 401 U.S. 37, 53–54 (1971)).

Plaintiff filed his First Amended Complaint two weeks later. ECF No. 16. Before the Court had the opportunity to screen the First Amended Complaint, Plaintiff filed his Second Amended Complaint. ECF No. 20. In view of Plaintiff's *pro se* status, the Court accepts the Second Amended Complaint as the operative pleading.[1]

Plaintiff names as Defendants FBI Agents Thomas Williams and John Braxley, the "FDLE Executive Branch," and Dixie County Sheriff Dewey Hatcher. *Id.* at 2. Plaintiff alleges that he rented a vehicle from Hertz Rent-A-Car "around July 4th or 5th" to assist the FBI with a human trafficking investigation. *Id.* at 5. When he was pulled over by deputy sheriffs, he learned that the FBI and Defendant Braxley had not paid Hertz for the vehicle rental. *Id.* He was arrested for Grand Theft and charged in the

---

[1] Between filing the First Amended Complaint and Second Amended Complaint, Plaintiff filed a motion for the Court to direct the Clerk of Court to send him a blank copy of the approved form for a civil rights complaint. ECF No. 19. Because Plaintiff has filed his Second Amended Complaint, that motion is due to be **DENIED as moot**.

Eighth Judicial Circuit Court of Florida (in Alachua County). *Id.* Plaintiff says the "FDLE Executive Branch" promised him "to put an end of [his] report," and that Defendant Williams contacted him via Facebook Messenger to obtain his personal identifying information (including his social security number, date of birth, and his banking information). *Id.* After his arrest, Plaintiff requested he be placed in protective custody because FBI Agents threatened to take him to Florida State Prison and "fry [his] brain." *Id.*

Plaintiff also contends that the FDLE promised to pay him $5,000 and a car for his assistance, and Defendant Sheriff Hatcher deputized him to work undercover for six months. *Id.* at 6. He further claims that he contacted the White House and Florida Attorney General Ashley Moody in July 2020. *Id.* He says he discussed his case with a United States Secret Service agent and former President Trump. *Id.*

Under his "Statement of Claims," Plaintiff alleges that Defendant Williams "violated [his] privacy" by hacking his cell phone and deleting "valuable" data and that FBI Agents obtained his DNA without his permission and cloned him. *Id.* at 7. As to relief, Plaintiff asks the Court for injunctive relief, namely directing the Defendants to place him in "witness protection," to "do there [sic] jobs," to pay him money, to give him a "new

4

identity as agreed by President Donald Trump in Georgia," to release him from custody, and to "clear" his "record." *Id.*

## II.  DISCUSSION

The Complaint is before the undersigned for screening pursuant to 28 U.S.C. § 1915(e).  The Court must dismiss a claim if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  The Court may dismiss an action as frivolous if it is "based on an indisputably meritless legal theory" or "claims whose factual contentions are clearly baseless."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  It bears mentioning that "while courts show leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education, this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *Petersen v. Smith*, 762 F. App'x 585, 593 (11th Cir. 2019).

Plaintiff's Second Amended Complaint is due to be dismissed as frivolous because it fails to advance any claim that has merit in fact or law. *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001).  Plaintiff's factual allegations concerning his arrest and state courts charges are irrational and wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also*

*Brennan v. Aldazabal*, 772 F. App'x 852, 852 (11th Cir. 2019) ("Frivolous claims include claims describing fantastic or delusional scenarios."). The Court need not entertain a litigant's far-fetched and conclusory allegations of a conspiracy by law enforcement to manufacture a crime and to prosecute the litigant based on fabricated charges. *Watson v. Broward Cty. Sheriff's Office*, 808 F. App'x 891, 894 (11th Cir. 2020).

Moreover, Plaintiff fails to cite any basis to invoke the Court's limited subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). He does not allege Defendants violated a legally cognizable interest, let alone one provided to him under the United States Constitution or federal law, nor does he seek relief for such a violation. *Neitzke*, 490 U.S. at 328 (an action is legally frivolous when it alleges "claims of infringement of a legal interest which clearly does not exist"). The veracity of his claims may be tested at a trial in his state court prosecution.

This leaves the question of whether Plaintiff should be given a third opportunity to amend his allegations. Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given," Fed. R. Civ. P. 15(a). Under *Foman*, however, a district court

may properly deny leave to amend the complaint when such amendment would be futile. 371 U.S. at 182. The Court concludes that amendment of the Complaint would be futile because it would not cure the deficiency regarding the lack of any factual or legal basis that would support a claim against the named Defendants. *Gary v. U.S. Gov't*, 540 F. App'x 916, 918 (11th Cir. 2013).

### III.  CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 17, is **GRANTED**. Plaintiff, however, will not be assessed the filing fee. Additionally, Plaintiff's motion, ECF No. 19, is **DENIED as moot**.

It is respectfully **RECOMMENDED** that Plaintiff's Second Amended Complaint, ECF No. 20, should be **DISMISSED without leave to amend** as frivolous pursuant to 28 U.S.C. § 1915(e).

**IN CHAMBERS** this 4th day of February 2021.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic**

**docket is for the court's internal use only, and does not control.** **A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.